IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MANETIRONY CLERVRAIN,<br><br>Plaintiff,<br><br>vs.<br><br>ADAM PAUL LAXALT,<br><br>Defendant. | CIVIL NO. 21-000275 JAO-RT<br><br>**ORDER DISMISSING ACTION** |

**ORDER DISMISSING ACTION**

On June 14, 2021, pro se Plaintiff Manetirony Clervrain ("Plaintiff") commenced this action, filing two documents: (1) a "Motion for ['Prompt Notice(s)'] or ['Their Expertise Act'] ('TEA'), or Opinion(s) by the National Issues Regulatory Treaties Act ('NIRTA')" and (2) a "Motion for Mitigating Financial Burden or ('IFP') Constitutional Issues by Massive Issues ['Right Aggravated'] Treatment Act." ECF Nos. 1–2. The same day, the Court issued a Deficiency Order advising Plaintiff that he must pay the filing fee or submit an in forma pauperis ("IFP") application within 28 days (including weekends and holidays) of the Order. ECF No. 3 at 2. The Court cautioned that failure to do so would result in the automatic dismissal of this action. *Id.*

On June 22, 2021, the Court issued an Entering Order ("EO") notifying Plaintiff that his Motion for Mitigating Financial Burden, while self-titled "IFP," does not constitute an IFP application as referenced in the Deficiency Order. ECF No. 6. The Court informed Plaintiff that to comply with the Deficiency Order, he must pay the applicable fees or file a completed IFP application (form AO 240), which may be found on the court's website under Forms/Civil/Pro Se, by July 12, 2021, or this action would be automatically dismissed. *Id.*

To date, Plaintiff has not remitted the filing fee or submitted an IFP application. Courts do not take failures to prosecute and failures to comply with Court orders lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes the Court to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b); *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/ respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291

F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).  Although the Court recognizes that Plaintiff is proceeding pro se, he is not exempt from complying with all applicable rules.  Local Rule 81.1(a) ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

In view of Plaintiff's failure to comply with the Court's Deficiency Order and EO, and failure to prosecute, the Court finds that the *Pagtalunan* factors support dismissal of this action.  The public's interest in expeditious resolution of this litigation strongly favors dismissal, *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quotations omitted)), as does the Court's need to manage its docket.  *Id.* (citing *Ferdik*, 963 F.2d at 1261).  Moreover, there is no risk of prejudice to Defendant, as he has yet to be served.  Finally, there are currently no less drastic alternatives available.  This case cannot proceed without the filing fee or leave to proceed IFP.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

3

# CONCLUSION

For the reasons stated herein, this action is HEREBY DISMISSED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, July 14, 2021.

Jill A. Otake
United States District Judge

CIVIL NO. 21-000275 JAO-RT; *Clervrain v. Laxalt*; ORDER DISMISSING ACTION